UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDAR PARTY STORE, INC.,[1]

    Plaintiff,

v.

    Case No. 02-74849

    HONORABLE AVERN COHN

UNITED STATES OF AMERICA,
U.S. Department of Agriculture,
Food & Nutrition Service,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO ALTER/AMEND JUDGMENT

### I. Introduction

This is a food stamp trafficking case. Plaintiff participated in the Food Stamp Program. After an Administrative Review Officer of the United States Department of Agriculture's Food and Nutrition Service (FNS) sustained plaintiff's permanent disqualification from the Food Stamp Program on the grounds of food stamp trafficking, plaintiff filed a complaint with the Court that challenged the disqualification.

The Court held a one-day bench trial on April 18, 2005 to review plaintiff's claims de novo. On May 4, 2005, The Court entered (1) a decision sustaining disqualification and (2) judgment of dismissal. On May 13, 2005, plaintiff timely filed a Motion to

---

[1] The complaint was in the name of George Gorgius. At the opening of trial the caption was amended to state Cedar Party Store, Inc., as plaintiff, the party authorized to deal in food stamps by defendant.

Alter/Amend Judgment under Fed. R. Civ. P. 59(e).[2]  Defendant responded.  After reviewing the parties' papers, the Court DENIES the motion.

## II. Discussion

### A. Legal Standard

A motion to alter or amend judgment under Fed. R. Civ. P. 59(e) may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.  GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804 (6th Cir. 1999).  "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2810.1 (2d ed. 1994).

### B. Analysis[3]

In support of the instant motion, plaintiff claims that (1) the Court did not consider any argument raised in plaintiff's closing argument, (2) FNS violated plaintiff's substantive and procedural due process, (3) FNS violated separation of powers, and (4) the Court's Decision Sustaining Disqualification is contrary to the great weight of evidence.

Plaintiff's arguments are without merit.  Plaintiff's four-page motion makes conclusory statements without supporting citations from the record or legal authority.

---

[2] Fed. R. Civ. P. 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

[3] As a preliminary matter, the Court finds it unnecessary to discuss the factual background of this case, as it was thoroughly articulated in the Court's Decision Sustaining Disqualification, filed May 4, 2005.

Plaintiff does not articulate the constitutional basis for its due process challenges other than the conclusory statement that "[p]laintiff has established constitutionally protected property interest in its continued participation in the Food Stamps [sic] Program." Although plaintiff asserts in the motion that the Court's decision "is contrary to the great weight of evidence," plaintiff here, as it failed to do at the administrative proceedings and at trial, does not offer a satisfactory explanation for the patterns of activity that constituted circumstantial evidence of food stamp trafficking.

As discussed in the Court's Decision Sustaining Disqualification, which constituted the findings of fact and conclusions of law required under Fed. R. Civ. P. 52, the Court reviewed the evidence introduced at trial and concluded that the evidence that plaintiff engaged in food stamp trafficking was overwhelming.

Additionally, to the extent plaintiff asserts a denial of procedural due process, which requires "that an individual be given an opportunity for a hearing before he is deprived of any significant property interest," Boddie v. Connecticut, 401 U.S. 371, 379 (1971), the record is replete with evidence that plaintiff received all process that was due. As defendant correctly notes in its response to plaintiff's motion, plaintiff appealed his disqualification from the Food Stamp Program to an FNS Administrative Review Officer. The Administrative Review Officer independently reviewed the evidence and sustained plaintiff's permanent disqualification from the Food Stamp Program. Additionally, plaintiff then sought federal court review of the final agency determination. Significantly, under 7 U.S.C. § 2023(a)(15), judicial review of disqualification from the Food Stamp Program is de novo. Plaintiff has not shown a constitutional defect in the proceedings.

Plaintiff brings this motion because of its dissatisfaction with the result the Court reached after hearing the testimony and reviewing the evidence presented at trial, i.e., sustaining plaintiff's permanent disqualification from the Food Stamp Program.  Plaintiff, however, has failed to demonstrate "manifest injustice" in the Court's decision, let alone any other basis under Fed. R. Civ. P. 59(e) to justify granting the motion.

SO ORDERED.


Dated: May 27, 2005                           s/Avern Cohn
                                                          AVERN COHN
                                          UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, May 27, 2005, by electronic and/or ordinary mail.

                                               s/Julie Owens
                                               Case Manager, (313) 234-5160